1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11   RYAN D. WILSON,                    )   Case No. EDCV 12-780 JC
                                        )
12              Plaintiff,              )
                                        )
13        v.                            )   MEMORANDUM OPINION AND
                                        )   ORDER OF REMAND
14                                      )
     MICHAEL J. ASTRUE,                 )
15   Commissioner of Social             )
     Security,                          )
16                                      )
                Defendant.              )
17   _____        )

18
19   **I.    SUMMARY**

20        On May 14, 2012, plaintiff Ryan D. Wilson ("plaintiff") filed a Complaint

21   seeking review of the Commissioner of Social Security's denial of plaintiff's

22   application for benefits.  The parties have consented to proceed before a United

23   States Magistrate Judge.

24        This matter is before the Court on the parties' cross motions for summary

25   judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The

26   Court has taken both motions under submission without oral argument.  See Fed.

27   R. Civ. P. 78; L.R. 7-15; May 18, 2012 Case Management Order ¶ 5.

28

1

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand because the Administrative Law Judge ("ALJ") failed properly to evaluate plaintiff's credibility and the Court cannot find that the ALJ's error was harmless.

## II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On February 17, 2009, plaintiff filed an application for Disability Insurance Benefits. (Administrative Record ("AR") 134). Plaintiff asserted that he became disabled on September 19, 2001, due to multiple sclerosis, severe headaches due to blurred vision in his left eye, fatigue, uncontrollable shaking of the hands, and stinging of the feet. (AR 143). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by a non-attorney representative) on July 28, 2010. (AR 21, 60-84).

On September 15, 2012, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 21-27). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairment: multiple sclerosis (AR 23); (2) plaintiff did not have an impairment or combination of impairments which met or medically equaled a listed impairment (AR 23); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. § 404.1567(b)) with certain additional limitations[1] (AR 23); (4) plaintiff could not perform his past relevant work (AR 25); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically mail clerk, garment

---

[1]The ALJ determined that plaintiff: (i) could do light work; (ii) could lift and/or carry 20 pounds occasionally and 10 pounds frequently; (iii) could stand and/or walk four hours out of an eight-hour day for up to one hour intervals; (iv) could not work around dangerous moving equipment or at unprotected heights; (v) could not work in a hot sunny environment except as incidental to work; and(vi) could not do jobs that required binocular vision. (AR 23).

1   sorter and cashier (AR 26); and (6) plaintiff's allegations regarding his limitations

2   were not credible to the extent they were inconsistent with the ALJ's residual

3   functional capacity assessment (AR 24).

4          The Appeals Council denied plaintiff's application for review.  (AR 1).

5   **III.    APPLICABLE LEGAL STANDARDS**

6          **A.    Sequential Evaluation Process**

7          To qualify for disability benefits, a claimant must show that the claimant is

8   unable "to engage in any substantial gainful activity by reason of any medically

9   determinable physical or mental impairment which can be expected to result in

10  death or which has lasted or can be expected to last for a continuous period of not

11  less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012)

12  (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted).  The

13  impairment must render the claimant incapable of performing the work claimant

14  previously performed and incapable of performing any other substantial gainful

15  employment that exists in the national economy.  Tackett v. Apfel, 180 F.3d 1094,

16  1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

17         In assessing whether a claimant is disabled, an ALJ is to follow a five-step

18  sequential evaluation process:

19         (1)    Is the claimant presently engaged in substantial gainful activity?  If

20                so, the claimant is not disabled.  If not, proceed to step two.

21         (2)    Is the claimant's alleged impairment sufficiently severe to limit

22                the claimant's ability to work?  If not, the claimant is not

23                disabled.  If so, proceed to step three.

24         (3)    Does the claimant's impairment, or combination of

25                impairments, meet or equal an impairment listed in 20 C.F.R.

26                Part 404, Subpart P, Appendix 1?  If so, the claimant is

27                disabled.  If not, proceed to step four.

28  ///

3

1        (4)     Does the claimant possess the residual functional capacity to

2                perform claimant's past relevant work?  If so, the claimant is

3                not disabled.  If not, proceed to step five.

4        (5)     Does the claimant's residual functional capacity, when

5                considered with the claimant's age, education, and work

6                experience, allow the claimant to adjust to other work that

7                exists in significant numbers in the national economy?  If so,

8                the claimant is not disabled.  If not, the claimant is disabled.

9   Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th

10  Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at

11  1110 (same).

12        The claimant has the burden of proof at steps one through four, and the

13  Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262

14  F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch

15  v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of

16  proving disability).

17      **B.**    **Standard of Review**

18        Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of

19  benefits only if it is not supported by substantial evidence or if it is based on legal

20  error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.

21  2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457

22  (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable

23  mind might accept as adequate to support a conclusion."  Richardson v. Perales,

24  402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a

25  mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing

26  Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

27        To determine whether substantial evidence supports a finding, a court must

28  "'consider the record as a whole, weighing both evidence that supports and

4

1  evidence that detracts from the [Commissioner's] conclusion.'" <u>Aukland v.</u>
2  <u>Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting <u>Penny v. Sullivan</u>, 2 F.3d
3  953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming
4  or reversing the ALJ's conclusion, a court may not substitute its judgment for that
5  of the ALJ.  <u>Robbins</u>, 466 F.3d at 882 (citing <u>Flaten</u>, 44 F.3d at 1457).

6  **IV.   DISCUSSION**

7        Plaintiff contends that the ALJ failed properly to evaluate the credibility of
8  his subjective complaints.  (Plaintiff's Motion at 16-18).  The Court agrees.  As
9  the Court cannot find that the ALJ's error was harmless, a remand is warranted.

10       **A.    Pertinent Law**

11       Questions of credibility and resolutions of conflicts in the testimony are
12  functions solely of the Commissioner.  <u>Greger v. Barnhart</u>, 464 F.3d 968, 972 (9th
13  Cir. 2006).  If the ALJ's interpretation of the claimant's testimony is reasonable
14  and is supported by substantial evidence, it is not the court's role to "second-
15  guess" it.  <u>Rollins v. Massanari</u>, 261 F.3d 853, 857 (9th Cir. 2001).

16       An ALJ is not required to believe every allegation of disabling pain or other
17  non-exertional impairment.  <u>Orn v. Astrue</u>, 495 F.3d 625, 635 (9th Cir. 2007)
18  (citing <u>Fair v. Bowen</u>, 885 F.2d 597, 603 (9th Cir. 1989)).  If the record establishes
19  the existence of a medically determinable impairment that could reasonably give
20  rise to symptoms assertedly suffered by a claimant, an ALJ must make a finding as
21  to the credibility of the claimant's statements about the symptoms and their
22  functional effect.  <u>Robbins</u>, 466 F.3d 880 at 883 (citations omitted).  Where the
23  record includes objective medical evidence that the claimant suffers from an
24  impairment that could reasonably produce the symptoms of which the claimant
25  complains, an adverse credibility finding must be based on clear and convincing
26  reasons.  <u>Carmickle v. Commissioner, Social Security Administration</u>, 533 F.3d
27  1155, 1160 (9th Cir. 2008) (citations omitted).  The only time this standard does
28  not apply is when there is affirmative evidence of malingering.  <u>Id.</u>  The ALJ's

5

1  credibility findings "must be sufficiently specific to allow a reviewing court to
2  conclude the ALJ rejected the claimant's testimony on permissible grounds and
3  did not arbitrarily discredit the claimant's testimony." Moisa v. Barnhart, 367
4  F.3d 882, 885 (9th Cir. 2004).

5      To find the claimant not credible, an ALJ must rely either on reasons
6  unrelated to the subjective testimony (*e.g.*, reputation for dishonesty), internal
7  contradictions in the testimony, or conflicts between the claimant's testimony and
8  the claimant's conduct (*e.g.*, daily activities, work record, unexplained or
9  inadequately explained failure to seek treatment or to follow prescribed course of
10  treatment). Orn, 495 F.3d at 636; Robbins, 466 F.3d at 883; Burch, 400 F.3d at
11  680-81; SSR 96-7p. Although an ALJ may not disregard such claimant's
12  testimony solely because it is not substantiated affirmatively by objective medical
13  evidence, the lack of medical evidence is a factor that the ALJ can consider in his
14  credibility assessment. Burch, 400 F.3d at 681.

15      **B.  Pertinent Background**

16      Plaintiff essentially testified at the administrative hearing that, due to
17  multiple sclerosis, he was unable to work because he (1) had very limited vision in
18  his left eye; (2) had significant difficulty keeping his balance without the use of a
19  cane; (3) experienced pain in his lower back and at one point needed to be taken
20  from his house by ambulance because his back pain was so severe that it prevented
21  him from moving at all; (4) had a constant burning sensation in the bottom of his
22  feet; (5) had significant pain in his legs; (6) could not sit for long periods due to
23  his pain; and (7) took daily Copaxone injections, but did not feel relief from the
24  medication and on several occasions even experienced significant, painful side
25  effects ("shot reactions"). (AR 65-79).

26      The ALJ found that although plaintiff's medically determinable impairment
27  could reasonably be expected to cause such symptoms, the objective medical
28  evidence did not support plaintiff's statements regarding the intensity, persistence

6

and limiting effects of his symptoms.  (AR 24).  More specifically, the ALJ noted that (1) plaintiff's sinus disease and depression were successfully treated with medication; (2) while plaintiff had a history of left eye pain and blurry vision, medical records reflected only "slight visual defects" in plaintiff's eyes; (3) contrary to plaintiff's complaints of neuropathy in his feet, medical records reflect "consistently normal neurologic examinations"; (4) although plaintiff complained about disabling "visual loss, coordination problems, fatigue, weakness and sensory change" and "increased lower extremity weakness, numbness, and tingling that made ambulation difficult even with a cane," records from plaintiff's treating physicians reflect "normal physical examinations."  (AR 24-25).

## C.   Analysis

First, as defendant correctly points out, the ALJ could properly discredit testimony about symptoms related to sinus disease and depression to the extent such impairments were successfully treated with medication.  See, e.g., Warre v. Commissioner of Social Security Administration, 439 F.3d 1001, 1006 (9th Cir. 2006) (Medical impairments that can be effectively controlled with medication are not disabling.).  As plaintiff points out, however, plaintiff does not claim that his sinus condition or depression contributed to his disability.  (Plaintiff's Motion at 18).

Second, it appears that the ALJ's only reason for discrediting plaintiff's testimony regarding his other symptoms (i.e., visual loss, coordination problems, fatigue, weakness, neuropathy in the feet, and sensory change) is that the objective medical evidence did not support the alleged severity of such subjective complaints.  (AR 24-25).  However, lack of objective medical evidence to support subjective symptom allegations, without more, is not a clear and convincing reason for discounting a claimant's credibility.  See Burch, 400 F.3d at 681.

Third, an ALJ may properly discount credibility based on internal conflicts within a plaintiff's own statements and testimony, conflicts between subjective

7

1  complaints and a plaintiff's daily activities, or unexplained failure to seek

2  treatment consistent with the alleged severity of subjective complaints.  See, e.g.,

3  Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir.), as amended

4  (1997) (in weighing plaintiff's credibility, ALJ may consider "inconsistencies

5  either in [plaintiff's] testimony or between his testimony and his conduct");

6  Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991) (en banc) (In assessing

7  credibility, the ALJ may properly rely on plaintiff's unexplained failure to request

8  treatment consistent with the alleged severity of her symptoms.).  Here, however,

9  the ALJ did not, as defendant suggests (Defendant's Motion at 8-9), expressly

10  discredit plaintiff on such grounds.  This Court is constrained to review the

11  reasons cited by the ALJ.  Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003);

12  see also Molina, 674 F.3d at 1121 (citing Securities and Exchange Commission v.

13  Chenery Corp., 332 U.S. 194, 196 (1947)) ("[courts] may not uphold an [ALJ's]

14  decision on a ground not actually relied on by the agency").

15       Finally, the Court cannot conclude that the above errors were harmless

16  because it cannot "confidently conclude that no reasonable ALJ, when fully

17  crediting the [plaintiff's] testimony, could have reached a different disability

18  determination."  Stout, 454 F.3d at 1055-56.  For example, plaintiff testified that

19  he experienced significant leg and back pain which prevented him from sitting for

20  extended periods (AR 68, 71-72), yet the ALJ's residual functional capacity

21  assessment for plaintiff contained no limitation on sitting.  (AR 23).  Moreover,

22  the vocational expert – upon whom the ALJ relied to establish non-disability at

23  step five – testified that there would be no jobs plaintiff (or a hypothetical

24  individual with plaintiff's characteristics) could do if plaintiff was "off-task at

25  least 20 percent of the time due to either pain or dizziness or fluctuating eyesight."

26  (AR 81).

27       Therefore, remand is warranted for the ALJ to reassess plaintiff's

28  credibility.

1  **V.      CONCLUSION**[2]

2          For the foregoing reasons, the decision of the Commissioner of Social

3  Security is reversed in part, and this matter is remanded for further administrative

4  action consistent with this Opinion.[3]

5          LET JUDGMENT BE ENTERED ACCORDINGLY.

6  DATED:   October 24, 2012

7                                                      _____/s/_____

8                                                      Honorable Jacqueline Chooljian
                                                       UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

_____

21          [2]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's

22  decision, except insofar as to determine that a reversal and remand for immediate payment of
    benefits would not be appropriate.  On remand, however, the ALJ may wish to clarify the reasons

23  provided for rejecting the opinions of plaintiff's treating physicians.

24          [3]When a court reverses an administrative determination, "the proper course, except in rare

25  circumstances, is to remand to the agency for additional investigation or explanation."
    Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and

26  quotations omitted).  Remand is proper where, as here, additional administrative proceedings
    could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir.

27  1989); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) (remand is an option

28  where the ALJ stated invalid reasons for rejecting a claimant's excess pain testimony).